### LAZAR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 23, 1905.)

STREET RAILWAYS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

  Plaintiff was injured in attempting to cross a street railroad track in front of a car which she saw approaching her at a distance of about 90 feet. She gave no evidence as to the width of the street where she crossed, nor of the distance she had to traverse, as compared with the distance of the car from her, in order to reach a point of safety. *Held*, that she failed to show that she was free from contributory negligence.

  [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207, 208.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Miriam Lazar against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

William E. Weaver, for appellant.

Louis M. Block, for respondent.

PER CURIAM. This is an action to recover for personal injuries sustained by the alleged negligence of the defendant. The defendant offered no testimony upon the trial, evidently relying upon the proof produced by the plaintiff and her witnesses to show contributory negligence on her part. The testimony on the part of the plaintiff shows that as she was crossing from the northerly to the southerly side of Delancey street, at the corner of Allen street, she was hit by one of the horses attached to an east-bound car, thrown into an excavation in the side of the street, and injured. She testified that when she was leaving the northerly side of the street she looked for a car, and saw the one by which she was

struck, then about three-fourths of a block distant. It was shown that the block through which the car was approaching was a short one—about 125 feet long. The car was approaching at a "good rate of speed," and plaintiff was walking "slowly," with a basket on her head. The car was therefore about 90 feet distant when the plaintiff started to cross. There is no evidence as to the width of Delancey street at this point, and whether or not the plaintiff had a less, equal, or greater distance to traverse than the car, does not appear. Clearly, whether the plaintiff exercised the requisite amount of care in order to be free from contributory negligence depends upon the distance she had to go before she would reach a point of safety, and, in the absence of testimony upon that subject, it cannot be said she showed herself entitled to recover herein.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.