KILEY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   January 17, 1906.)

STREET RAILROADS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE.

Evidence that, when the driver of a covered van was about the middle of the block driving south, he looked back and saw a car about 200 feet away, coming rapidly in the same direction, and, after continuing to drive in the same direction for some distance, he turned, and when about three-quarters of the length of the van was across the track, was struck by the car, fails to show the driver was free of contributory negligence.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 213, 214.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Mary E. Kiley against the New York City Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

William E. Weaver, for appellant.

Philip J. Britt, for respondent.

DOWLING, J.   While it may well be said that from the testimony given in this case that the defendant is shown to have been guilty of negligence, the testimony does not show that the plaintiff's driver was free therefrom.   The accident occurred at or near the middle of the block, where the rights of the parties were unequal; the defendant having a superior right of way.   The principal witness for the plaintiff was a person, who first claimed to have been the driver, but who, it subsequently appeared, was seated at the left side of the driver.   He testified that a large, covered, two-horse furniture van was being driven south along the west side of Third avenue between Thirty-Eighth and Thirty-Ninth streets; that before reaching the middle of the block they observed the roadway obstructed by other vehicles; that the witness then looked back, and saw a south-bound car about 200 feet away, and approaching rapidly; that they continued driving south, for what distance he is unable to state, and then turning to the east, had got about three-quarters of the length of the van across the track, when it was struck by the car.

The driver of the van was not produced, nor his absence accounted for, and there is no other witness in the case that presents the situation as any more favorable for the plaintiff.   This testimony is insufficient to show that the driver of the van was free from contributory negligence.   Some testimony should have been given tending to show how far the driver proceeded after he was told of the approaching car before he turned to go upon the track.   Lazar v. N. Y. City Ry. Co. (Sup.) 94 Supp. 9.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.